# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**06 CV 5495**

------------------------------------------------------X

R.C. and S.C., on behalf of R.J.C.,

　　　　　　　　　　Plaintiffs,

**JUDGE BRIEANT**

--against--

CARMEL CENTRAL SCHOOL DISTRICT,

　　___CIV.___( )

　　　　　　　　　　Defendant.

------------------------------------------------------X

Plaintiffs R.C. and S.C., on behalf of R.J.C., by their attorneys, Mayerson & Associates, as and for their Complaint against defendant, Carmel Central School District, allege and state the following, upon information and belief:

1. Plaintiff R.J.C. is a minor child who is classified with Autistic Disorder, Verbal Apraxia, and Auditory Processing Disorder. At all relevant times, R.J.C. has been a student residing within the Carmel Central School District entitled to all rights, entitlements, and procedural safeguards mandated by applicable law and statutes including, but not limited to the Individuals with Disabilities Education Act (hereinafter "IDEA"), 20 U.S.C. § 1400 et. seq., and the pertinent implementing regulations promulgated under the Code of Federal Regulations, as well as the New York State Education Law and its implementing regulations.

2. Plaintiffs R.C. and S.C. are R.J.C.'s parents and are residents of the State of New York, residing with R.J.C. at an address within the Carmel Central School District (hereinafter "the District").

3. R.J.C. and her parents, R.C. and S.C, are not expressly named herein by their given names, or further identified by their actual address within New York, because of the privacy guarantees provided in the IDEA statute, as well as in the Family Educational Rights Privacy Act, 20 U.S.C. 1232(g) and 34 C.F.R. 99 (hereinafter "FERPA").

4. Defendant Carmel Central School District, upon information and belief, is a duly constituted school district organized under the laws of the State of New York.

<u>Jurisdiction and Venue</u>

5. Pursuant to the IDEA statute (20 U.S.C. Sec. 1415), this Court has jurisdiction over this action without regard to the amount in controversy.

6. Venue is proper in that plaintiffs and the defendant reside in or are situated in this District.

7. The District is a "local educational agency" as that term is defined in the federal IDEA statute, and is the entity responsible for fulfilling R.J.C.'s statutory entitlements.

8. Pursuant to the IDEA statute, as well as the New York State Education Law, all school agencies within the State are required to offer eligible students with disabilities educational programs that are tailored to meet the individual needs of the child.

9. The District is a school district that is statutorily obligated under the IDEA, as well as the laws of the State of New York, to provide R.J.C. with a free and appropriate public education ("FAPE").

10. The underlying administrative "due process" proceeding was brought to secure reimbursement, pendency, and related relief pursuant to the seminal Supreme Court

authorities of <u>Board of Education v. Rowley</u>, 458 U.S. 176 (1982), <u>Burlington School Comm. v. Department of Educ.</u>, 471 U.S. 359 (1985) and <u>Florence County School Dist. 4 v. Carter</u>, 510 U.S. 7 (1993), as well as the recent decision of the Third Circuit in <u>Pardini v. Allegheny Intermediate Unit</u>, 420 F.3d 181 (3rd Cir. 2005).

11. Under the IDEA statute, a child contesting his Individualized Education Plan ("IEP") has an automatic and unconditional entitlement to "pendency", sometimes also referred to as "stay put".

12. The express policy behind pendency/stay put is that while the school district and the child's parents are litigating the challenged IEP, pendency/stay put operates to maintain the child's educational status quo so as to protect the child.

13. Prior to the time that the defendant offered R.J.C. an IEP, R.J.C was receiving a program of intervention services in New York State's "Early Intervention" program, under the auspices of the New York State Department of Health.

14. In <u>Pardini v. Allegheny Intermediate Unit</u>, 420 F.3d 181 (3rd Cir. 2005), the Third Circuit held that a child's Early Intervention program of services constituted that student's "stay put" and "pendency" upon that child's challenge of the IEP offered by that child's school district.

15. Based on the <u>Pardini</u> decision, plaintiffs made application to the hearing officer in R.J.C's underlying due process proceeding to declare that R.J.C.'s "pendency" consisted of R.J.C's early intervention services.

16. By Decision dated December 27, 2005, the hearing officer assigned to hear R.J.C's due process followed <u>Pardini</u> and held that R.J.C.'s "pendency" was her program of Early Intervention Services (i.e. the type and frequency of services).

17. Defendant prosecuted an appeal from the December 27, 2005 decision.

18. By Decision dated March 20, 2006, the State Review Officer reversed and refused to follow the holding in <u>Pardini</u>.

19. R.J.C. and her parents have exhausted their administrative remedies.

20. The impact of the SRO's Decision is that R.J.C. was deprived of her statutory right to maintain her then-existing intervention services while challenging defendant's IEP.

21. Plaintiffs urge that the SRO should have adopted the holding in <u>Pardini</u> and that the SRO erred as a matter of law and statute, and public policy.

22. The impact of the SRO's Decision, and defendant's failure and refusal to recognize R.J.C.'s pendency rights, is that even if R.J.C's prevails on the merits regarding the underlying proceeding (a decision on the merits is expected shortly), R.J.C. has already been deprived of many *months* worth of important intervention services that she should have been receiving at defendant's expense, and R.J.C. is continuing to be deprived.

23. Pursuant to this Court's review powers, this Court (a) should follow <u>Pardini</u>, reverse the SRO, and reinstate the hearing officer's December 27, 2005 Decision on the pendency issue and (b) enter an award in R.J.C's favor to fund and implement compensatory education services in at least the frequency and duration that R.J.C. would have had if pendency had been honored and performed.

WHEREFORE, it is respectfully requested that this Court should

(a) reverse the SRO's March 20, 2006 Decision on pendency;

(b) reinstate the IHO's December 17, 2005 decision on pendency;

(c) award R.J.C. compensatory education at least equivalent to the services R.J.C should have received and still should be receiving under pendency; and

(d) grant plaintiffs leave to file a fee and costs application under IDEA's fee-shifting provision.

Dated: New York, New York
July 19, 2006

_____
Gary S. Mayerson, Esq. (GSM 8413)
Mayerson & Associates
330 West 38th Street, Suite 600
New York, New York 10018
(212) 265-7200
(212) 265-1735 (fax)
www.mayerslaw.com