UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| R.C. and S.C., on behalf of R.C., : | |
| : | |
| Plaintiffs, : | Civil Action 07 CIV 9532 (GEL) |
| : | |
| vs. : | |
| : | |
| CARMEL CENTRAL SCHOOL DISTRICT : | |
| : | |
| Defendant. : | |

---

# DEFENDANT'S MEMORANDUM OF LAW
# IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

Respectfully Submitted:

**SHAW, PERELSON, MAY & LAMBERT, LLP**
Attorneys for Defendant Carmel Central School District
(Mark C. Rushfield, Esq., of Counsel)
40 South Roberts Road
Highland, New York 12528
845/691-8100

On the Brief:
Mark C. Rushfield, Esq.

**TABLE OF CONTENTS**

                                                                        PAGE

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

PRELIMINARY STATEMENT AND PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT

    POINT I

        THE PLAINTIFFS' INSTANT ACTION TO
        RECOVER ATTORNEY FEES AS CONCERNS
        THE MERITS DECISION OF THE IMPARTIAL
        HEARING OFFICER IN CASE NO. 16776 IS
        BARRED BY OPERATION OF THE
        APPLICABLE STATUTE OF LIMITATIONS . . . . . . . . . . . . . . . . . . 5

    POINT II

        THE PLAINTIFFS ARE BARRED BY THE
        DOCTRINE OF CLAIM PRECLUSION OR RES
        JUDICATA FROM ASSERTING THEIR CLAIM
        FOR ATTORNEY FEES ARISING FROM THE
        PROCEEDINGS LEADING UP TO AND
        INCLUDING *R.C. I* AS THAT CLAIM WAS
        ASSERTED IN THE PROCEEDINGS IN *R.C. I* . . . . . . . . . . . . . . . . . 7

    POINT III

        THE PLAINTIFFS ARE BARRED BY
        OPERATION OF FED. R. CIV. P. 54(d)(2)(B)
        FROM SEEKING TO RECOVER THEIR
        ATTORNEY FEES ARISING FROM THE
        PROCEEDINGS LEADING UP TO AND
        INCLUDING *R.C. I* AS THEY DID NOT MAKE
        A MOTION FOR SUCH FEES WITHIN 15 DAYS
        OF THIS COURT'S FINAL JUDGMENT AND
        DO NOT DEMONSTRATE EXCUSABLE
        NEGLECT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    POINT IV

**THE PLAINTIFFS WERE NOT ULTIMATELY A PREVAILING PARTY UNDER 20 U.S.C. § 1415 CONCERNING THE PROCEEDINGS LEADING UP TO AND INCLUDING *R.C. I* FOR WHICH THEY CLAIM AN ENTITLEMENT TO PREVAILING PARTY ATTORNEY FEES** . . . . . . . . . . . . . . . . . . . . . 11

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**TABLE OF AUTHORITIES**

**CASES**

*A.R. v. NYC Department of Educ.*, 407 F.3d 65 (2d Cir. 2005) . . . . . . . 11, 12

*Adler v. Education Department of New York*, 760 F.2d 454 (2d Cir. 1985) . 5

*Board of Education v. O'Shea*, 353 F. Supp. 2d 449 (S.D.N.Y. 2005) . . 12, 13

*Bender v. Williamsport Area School District*,
    475 U.S. 534, 106 S. Ct. 1326, 89 L. Ed. 2d 501 (1986) . . . . . . . . . . 7, 12

*Canfield v. Van Atta Buick/GMC Truck, Inc.*,
    127 F.3d 248 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Coleman v. Newburgh Enlarged City School District*,
    503 F.3d 198 (2d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 12

*D'Alessio v. New York Stock Exchange*, 253 F.3d 93 (2d Cir. 2001) . . . . . . . 1

*Fire & Casualty Insurance Co. v. 2207 7th Avenue Rest. Corp.*, 03 Civ. 4739,
    2005 U.S. Dist. LEXIS 22997 (S.D.N.Y. October 6, 2005) . . . . . . . . . . 11

*International Audiotext Network, Inc. v. A T & T Co.*,
    62 F.3d 69 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Janzen v. Knox County Board of Education*, 790 F.2d 484 (6th Cir. 1986) . . 6

*Johns-Manville Corp. v. United States*, 893 F.2d 324 (Fed. Cir. 1989) . . . . . 7

*Justin B. v. Laraway Cmty. Consolidated SchoolDist.*,
    2004 U.S. Dist. LEXIS 14272 (D. Ill. 2004) . . . . . . . . . . . . . . . . . . . . . . 6

*King v. Floyd County Board of Education*,
    228 F.3d 622 (6th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*McCartney C. by Sara S. v. Herrin Community Unit School District No. 4*,
    21 F.3d 173 (7th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*O'Shea v. Bd. of Educ.*, 06 Civ. 14334,
    2007 U.S. Dist. LEXIS 80979 (S.D.N.Y. October 31, 2007) . . . . . . . . . 12

*Polera v. Board of Education*, 288 F.3d 478 (2d Cir. 2002) . . . . . . . . . . . . . 7

*Port of Stockton v. Western Bulk Carrier KS*,
    371 F.3d 1119 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Roberts v. Markey*, 04 CIV. 7671 (DLC),
    2006 U.S. Dist. LEXIS 78145 (S.D.N.Y. October 27, 2006) . . . . . . . . . 10

*Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 227 (2d Cir. 2004),
*cert. denied* 539 U.S. 942, 123 S. Ct. 2610, 156 L. Ed. 2d 628 (2003) . . 9, 10

**PRELIMINARY STATEMENT AND PROCEDURAL HISTORY**

Plaintiffs R.C. and S.C. ("plaintiffs" or "parents"), on behalf of R.C. ("student") have commenced this action under the Individuals With Disabilities In Education Act, 20 U.S.C. § 1415 *et. seq.* ("IDEA") against the defendant Carmel Central School District ("District") by a Complaint filed on October 25, 2007.

By their Complaint, the plaintiffs seek an award of "attorneys' fees and related costs and disbursements" for two separate proceedings brought on behalf of the student, i.e., (1) for the proceedings before the Impartial Hearing Officer in Case No. 16776 relating to the student's 2005-2006 school year "on the merits," which resulted in an unappealed July 24, 2006 decision which ordered that the parents receive reimbursements for certain costs, that they receive parent training, that team meetings be held and that the student receive certain additional services and (2) for the interim relief proceedings before the Impartial Hearing Officer, appeal proceedings relating thereto before the State Review Officer ("SRO") and the review of same by the United States District Court for the Southern District of New York in *R.C., etc. v. Carmel Central School District*, Civil Action No. 06 Civ. 5495 (CLB) (hereinafter "*R.C. I*").

The defendant hereby moves to dismiss the Complaint pursuant to Fed R. Civ. P. 12 (b)(6). As such, all though the well-pleaded allegations in the plaintiffs' Complaint are accepted as true, *D'Alessio v. New York Stock Exchange*, 253 F.3d 93 (2d Cir. 2001), the Court may also consider documents attached to or referred to in the Complaint that the plaintiffs relied upon in bringing the suit, that are integral to the plaintiffs' claims or as to which the Court may take notice or represent the law of the case (e.g., the decision, judgment, prior proceedings and pleadings in *R.C. I*). This Court's consideration of such documents relating to this motion is fully authorized and appropriate and will not require conversion of this motion into one for summary judgment. See *International*

*Audiotext Network, Inc. v. A T & T Co.*, 62 F.3d 69, 72 (2d Cir. 1995) and *Thomas v. Westchester County Health Care Corp.*, 232 F.Supp.2d 273, 275-276 (S.D.N.Y. 2002).

As more fully set forth below, the District contends that the plaintiffs are not entitled to proceed with the instant action for prevailing party attorney fees and costs under 20 U.S.C. § 1415 for the following reasons:

> 1. As concerns the plaintiffs' claims for attorney fees, etc. relating to the unappealed July 24, 2006 decision of the Impartial Hearing Officer in Case No. 16776, the plaintiffs' action is barred by operation of the applicable statute of limitations.
>
> 2. As concerns the plaintiffs' claims for attorney fees, etc. for the interim relief proceedings before the Impartial Hearing Officer, appeal proceedings relating thereto before the SRO and the review of same by the United States District Court for the Southern District of New York in *R.C. I*, the plaintiffs action should be dismissed because: (a) the plaintiffs are barred by the doctrine of claim preclusion or *res judicata* from asserting their claim for attorney fees as that claim was unsuccessfully asserted in the proceedings in *R.C. I*, (b) the plaintiffs are barred by operation of Fed. R. Civ. P. 54(d)(2)(B) from seeking to recover the attorney fees they seek as they did not make a motion for such fees within 15 days of this Court's Judgment in *R.C.I* dated June, 2007 and do not demonstrate excusable neglect; and (c) the plaintiffs were not ultimately a prevailing party under 20 U.S.C. § 1415 concerning these proceedings for which they claim an entitlement to prevailing party attorney fees.

**STATEMENT OF THE FACTS**

The relevant facts are substantially established by the attachments to the Complaint, and

particularly the Memorandum and Order rendered by United States District Court Judge Charles L. Brieant on June 13, 2007 (mistakenly dated June 13, 2006) which is attached as Exhibit B to the Complaint and which generally sets forth the history of all the proceedings referred to in the Complaint. The Court is respectfully referred to that Memorandum and Order, the other attachments to the Complaint and the Affirmation of Mark C. Rushfield submitted herewith (to which is attached the SRO decision referred to at paragraph 13 of the Complaint, the Complaint in *R.C.I* and the June 15, 2007 Final Judgment of the District Court in *R.C.I*) for a full statement of the relevant facts.

The action in *R.C. I* was commenced by Complaint filed under the IDEA on July 20, 2006. The Complaint in *R.C. I* challenged the March 20, 2006 decision of the SRO which, upon appeal, reversed the December 27, 2005 Impartial Hearing Officer's Interim Order in Case No. 16776 and denied the plaintiffs' interim application for pendency designed to reinstate and maintain the services that had earlier been provided under the student's Individualized Family Services Plan ("IFSP").

Four days later, on July 24, 2006, the Impartial Hearing Officer rendered her Findings of Fact and Decision on the merits in Case No. 16776.

As the SRO had noted in his March 20, 2006 decision, the plaintiffs had sought relief in the administrative proceedings well in excess of the maintenance of the services provided by the IFSP:

> Respondents state in their due process request letter dated September 14, 2005 . . . that they would be seeking to secure private services consistent with an evaluation they had obtained for their daughter by a doctor [Cecilia McCarton, M.D.] whose recommendations exceed the services and levels that [their daughter] was receiving under Early Intervention.).

The Impartial Hearing Officer's Findings of Fact and Decision on the merits in Case No.

3

16776 awarded the plaintiffs almost all of that relief (pages 24-30). It awarded them reimbursement for all the services that would have been provided had the District provided the services set forth in the IFSP and for almost all of the additional services that the plaintiffs had provided to the student. However, it rejected some of the reimbursement relief they sought for services beyond that provided by the IFSP (pages 26 and 27).

      The Impartial Hearing Officer's Findings of Fact and Decision on the merits in Case No. 16776 advised the parties that unless either side appealed the decision to the SRO within 30 days, any right to appeal was waived. (page 30). There was no appeal by either party from the Impartial Hearing Officer's Findings of Fact and Decision on the merits in Case No. 16776, including that concerning any failure of the Impartial Hearing Officer to award plaintiffs compensatory education.

      In *R.C. 1*, the plaintiffs sought not only a reversal of the SRO decision, but also an award of compensatory education and a "declaration that they are the prevailing party for purposes of this action and the motion for pendency, so that attorneys' fees may be awarded as to pursuit of pendency entitlements." See Complaint in *R.C. I* and page 6 of the Memorandum & Order in *R.C. I*.

      The District asserted in *R.C. I* that the District Court lacked subject matter jurisdiction over the plaintiffs' claims because all claims except that seeking compensatory services were rendered moot by the July 24, 2006 Impartial Hearing Officer's Findings of Fact and Decision on the merits in Case No. 16776 and because the plaintiffs had not exhausted their administrative remedies as concerned their claim for compensatory services. See Page 6 of the Memorandum & Order in *R.C. I*.

      The District Court agreed with the District's arguments that the District Court lacked subject

4

matter jurisdiction over the plaintiffs' claims and dismissed the Complaint in *R.C. I* without prejudice to the plaintiffs pursuing their administrative remedies concerning their unexhausted claim for compensatory services. As the Court found that it lacked subject matter jurisdiction over the action and, consequently, dismissed the Complaint in *R.C. I*, any expressions of support for positions taken by the plaintiffs in that action were, by definition, pure *dicta*.

## ARGUMENT

### POINT I

**THE PLAINTIFFS' INSTANT ACTION TO RECOVER ATTORNEY FEES AS CONCERNS THE MERITS DECISION OF THE IMPARTIAL HEARING OFFICER IN CASE NO. 16776 IS BARRED BY OPERATION OF THE APPLICABLE STATUTE OF LIMITATIONS.**

The IDEA does not contain a statute of limitations. "[B]ecause the [IDEA] contains no specific statute of limitations, the most appropriate [state] statute of limitations must be determined by the Court." *King v. Floyd County Board of Education*, 228 F.3d 622, 624 (6th Cir. 2000).

The Second Circuit Court of Appeals, borrowing from the New York Civil Practice Law and Rules, has held that an aggrieved parent has four months to bring an action pursuant to 20 U.S.C. § 1415 to challenge a final administrative determination. *Adler v. Education Dep't of New York*, 760 F.2d 454, 456-457 (2d Cir. 1985). However, the Second Circuit Court of Appeals has never addressed the issue of what statute of limitations should apply to an action for prevailing party attorney fees under 20 U.S.C. § 1415.

A well-reasoned approach to choosing the applicable statute of limitations to be borrowed is for the Court to look to the state cause of action that most closely parallels the action brought

under the IDEA and then apply in the federal proceedings the limitations period appropriate to that cause of action. *King*, 228 F.3d at 624. The limitations period should be determined on a "case-by-case basis," in view of the "facts, the circumstances, the posture of the case and the legal theories presented."*Janzen v. Knox County Board of Education*, 790 F.2d 484, 486-487 (6th Cir. 1986).

The New York Education Law has a particular statute of limitations applicable to **all** claims against school districts like the defendant District herein. Under Education Law § 3813 [2-b], "no action or special proceeding" can be commenced against a school district "more than one year after the cause of action arose." *New York Education Law § 3813 [2-b]* (McKinney's 2007). That one year maximum statute of limitations should be borrowed for purposes of determining the appropriate statute of limitations for the plaintiffs' claims relating to the July 24, 2006 Impartial Hearing Officer's Findings of Fact and Decision. See *Rosemary B. v. Board of Educ.*, 52 F.3d 156, 158 (7th Cir. 1995) (recognizing that "the limitation period for an attorney's fees case brought in Illinois under the IDEA is the 120-day period found in the Illinois School Code."); see also *Justin B. v. Laraway Cmty. Consol. Sch.Dist.*, 2004 U.S. Dist. LEXIS 14272, 4-5 (D. Ill. 2004).

The plaintiffs' claim for prevailing party attorney fees would have accrued no later than on or about August 24, 2006 (i.e., when the thirty-day period to appeal expired). *McCartney C. by Sara S. v. Herrin Community Unit Sch. Dist. No. 4*, 21 F.3d 173, 176 (7th Cir. 1994); see also *Justin B.,* 2004 U.S. Dist. LEXIS 14272. As the instant action was not commenced until October 25, 2007, it is barred by the applicable one-year statute of limitations borrowed from New York Education Law § 3813[2-b].

**POINT II**

**THE PLAINTIFFS ARE BARRED BY THE DOCTRINE OF CLAIM PRECLUSION OR RES JUDICATA FROM ASSERTING THEIR CLAIM FOR ATTORNEY FEES ARISING FROM THE PROCEEDINGS LEADING UP TO AND INCLUDING *R.C. I* AS THAT CLAIM WAS ASSERTED IN THE PROCEEDINGS IN *R.C. I***

In the instant case, it is beyond dispute that the plaintiffs made an explicit claim before the Court in *R.C. I* for an award of attorney fees under 20 U.S.C. § 1415 for the administrative proceedings before the Impartial Hearing Officer and the SRO relating to their claim of an entitlement to interim pendency services and for the judicial proceedings in *R.C. I*. As the Complaint seeking that remedy was dismissed by the Court, that claim was at least implicitly, if not explicitly, denied. In fact, as a matter of law, such a claim for prevailing party attorney fees would have to be denied, at least as concerned fees for the litigation, in light of the District Court's determination that it lacked subject matter jurisdiction of the plaintiffs claims because they were either moot or unexhausted. See *Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541, 106 S. Ct. 1326, 89 L. Ed. 2d 501 (1986)*, Coleman v. Newburgh Enlarged City Sch. Dist*., 503 F.3d 198, 204 (2d Cir. 2007), *Polera v. Bd. of Educ*., 288 F.3d 478, 488-490 (2d Cir. 2002)*, W.G. v. Senatore*, 18 F.3d 60, 64 (2d Cir. 1994) and *Johns-Manville Corp. v. United States*, 893 F.2d 324, 328 (Fed. Cir. 1989). As such, under the principal of claim preclusion or *res judicata*, the plaintiffs' claim of an entitlement to prevailing attorney fees for those administrative and judicial proceedings cannot be relitigated in this new action. *In re Teltronics Services, Inc*., 762 F.2d 185, 190 (2d Cir. 1985).

As the Second Circuit Court of Appeals stated in *Teltronics Services* 762 F.2d at 190:

> The general rule of res judicata applies to repetitious suits

> involving the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations. The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Cromwell v. County of Sac*, 94 U.S.(4 Otto) 351, 352, 24 L. Ed. 195 (1877). The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment.

The doctrine clearly bars the instant action seeking the same attorney fees sought through the plaintiffs' earlier Complaint in *R.C. I*, an action involving the same parties and the same cause of action for attorney fees as the instant case. As the above decision evidences, even if the attorney fee claim had not been raised, it would be barred under the doctrine as that claim could have been brought in that proceeding.

### POINT III

**THE PLAINTIFFS ARE BARRED BY OPERATION OF FED. R. CIV. P. 54(d)(2)(B) FROM SEEKING TO RECOVER THEIR ATTORNEY FEES ARISING FROM THE PROCEEDINGS LEADING UP TO AND INCLUDING *R.C. I* AS THEY DID NOT MAKE A MOTION FOR SUCH FEES WITHIN 15 DAYS OF THIS COURT'S FINAL JUDGMENT AND DO NOT DEMONSTRATE EXCUSABLE NEGLECT**

Fed. R. Civ. P. 54(d)(2) (A) and (B) provides as follows:

> 2. Attorneys' Fees.
>
> (A) Claims for attorneys' fees and related nontaxable

>expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.
>
>(B) Unless otherwise provided by statute or order of the court, the motion must be filed no later than 14 days after entry of judgment; must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought. If directed by the court, the motion shall also disclose the terms of any agreement with respect to fees to be paid for the services for which claim is made.

The IDEA does not provide for the recovery of attorney fees as an element of damages to be proved at trial. Nor does it provide a different mechanism than that set forth at Fed. R. Civ. P. 52 (d)(2)(B) for making an application for such attorney fees as a prevailing party. The "order of the court" referred to in that rule does not enable an individual district court judge to waive the requirements of Rule 52 (d)(2)(B) because the "order of the court" referred to in the Rule is in the nature of a local rule of the district court. *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 227 (2d Cir. 2004), certiorari denied 539 U.S. 942, 123 S. Ct. 2610, 156 L. Ed. 2d 628 (2003). There is no such local rule of this Court. *Tancredi,* 378 F.3d at 227.

If the District Court had not intended to deny the parents' express claim for prevailing party attorney fees when it dismissed the action in *R.C. I* for what the plaintiffs characterize as the "purely technical grounds" of the Court's lack of subject matter jurisdiction (see paragraph 15 of the Complaint herein) and had instead, as plaintiffs suggest, agreed with the plaintiffs' position (see paragraph 15 of the Complaint herein), the plaintiffs were then required to file a motion for prevailing party attorney fees under 20 U.S.C. § 1415 (e)(4)(B) within 15 days of the Final Judgment in *R.C. I*. The dismissal of the Complaint in *R.C. I* (and even either side filing an appeal) does not

9

relieve the party seeking prevailing party attorney fees of its obligation to promptly file a motion for such fees under Fed. R. Civ. P. 54 (d)(2)(B) within 15 days of the judgment. *Tancredi,* 378 F.3d at 225-227.

Even assuming arguendo that the plaintiffs herein retained a claim to prevailing party attorney fees relating to the proceedings that led up to, and included, the litigation in *R.C. I* after the Final Judgment was rendered in *R.C. I*, the plaintiffs cannot properly be permitted to assert such a claim by the Complaint in the instant action. If the issue was not already disposed of by the Court's Judgment in *R.C. I*, it could only be asserted as a Rule 54 (d)(2)(B) motion ancillary to the Final Judgment rendered in that case. *Port of Stockton v. Western Bulk Carrier KS*, 371 F.3d 1119, 1120-1122 (9th Cir. 2004).

Further assuming that the Court could treat the plaintiffs' instant action as an over 16 month late motion for attorney fees under Fed. R. Civ. P. 54 (d)(2)(B), in order to warrant such an approximately 16 month extension, the plaintiffs must establish that their failure to act earlier "was the result of excusable neglect" within the meaning of Fed. R. Civ. P. 6(b)(2). *Tancredi,* 378 F.3d at 226 and 227-228. The plaintiffs provide no evidence of excusable neglect in their Complaint, such neglect cannot be premised upon the plaintiffs or their counsel having overlooked or been ignorant of Rule 54 (d)(2)(B) and the extensive delay in this case makes apparent that no excusable neglect can likely be found in this case. *Tancredi,* 378 F.3d at 228; see also *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 249-251 (2d Cir. 1997), *Roberts v. Markey*, 04 CIV. 7671 (DLC), 2006 U.S. Dist. LEXIS 78145 (S.D.N.Y. October 27, 2006) and *Fire & Cas. Ins. Co. v. 2207 7th Ave. Rest. Corp.*, 03 Civ. 4739 (HB), 2005 U.S. Dist. LEXIS 22997, 1-5 (S.D.N.Y. October 6, 2005).

**POINT IV**

**THE PLAINTIFFS WERE NOT ULTIMATELY A PREVAILING PARTY UNDER 20 U.S.C. § 1415 CONCERNING THE PROCEEDINGS LEADING UP TO AND INCLUDING *R.C. I* FOR WHICH THEY CLAIM AN ENTITLEMENT TO PREVAILING PARTY ATTORNEY FEES**

The IDEA contains a fee-shifting provision under which a "prevailing party" may recover attorneys' fees from the party against which it prevailed. *A.R. v. NYC Dept. of Educ.,* 407 F.3d 65 (2d Cir. 2005). In order to be deemed a prevailing party with regard to administrative or judicial proceedings, as the plaintiffs contend they were with regard to those leading up to, and including, the litigation in *R.C. I*, the plaintiffs must have secured an "administrative imprimatur," a change in the parties legal relationship arising from it and/or either subsequent judicial enforceability of the administrative imprimatur or other judicial determination in their favor. *A.R.*, 407 F.3d at 76.

In the instant case, the plaintiffs did not secure a final administrative determination in their favor as concerned the pendency proceedings leading up to the *R.C. I* litigation; nor a judicial determination in their favor. To the contrary, the SRO reversed the only administrative determination on pendency in their favor and the District Court determined that it lacked subject matter jurisdiction over the action brought to challenge that SRO determination because the issues were either moot or unexhausted. Despite the District Court's *dicta* statements as to whether the plaintiffs underlying claims had merit, such a judicial determination of lack of subject matter jurisdiction cannot possibly provide the judicial determination required for the parents to be deemed prevailing parties entitled to an award of attorney fees. See e.g., *A.R.*, 407 F.3d at 76 n.11; see also *Bender,* 475 U.S. 534, 541, 106 S. Ct. 1326, 89 L. Ed. 2d 501 and *Coleman*, 503 F.3d at 204 and

other cases cited with these cases at Point II above.

A very similar case to the instant case was very recently decided by Judge William C. Conner of this Court in *O'Shea v. Bd. of Educ.*, 06 Civ. 14334 (WCC), 2007 U.S. Dist. LEXIS 80979 (S.D.N.Y. October 31, 2007). In that case, the O'Sheas had earlier secured an SRO decision concerning the 2001-2002 school year in their favor which the school district had challenged by a complaint filed under the IDEA in an action in the District Court, *Bd. of Educ. v. O'Shea*, 353 F. Supp. 2d 449 (S.D.N.Y. 2005) ("*O'Shea I*"). Upon cross-motions, Judge Conner had dismissed the school district's complaint in *O'Shea I* "as moot" on the basis that the pendency affects of a belated unappealed SRO decision that had addressed the child's 2000-2001 school year had rendered moot any dispute concerning the SRO decision relating to the child's 2001-2002 school year.

The O'Sheas then commenced an action in the District Court to recover their attorney fees and expenses for the administrative proceedings that had preceded the school district's action in *O'Shea I*, though not for their fees and expenses relating to the judicial proceedings in *O'Shea I* itself. Upon cross-motions, Judge Conner granted the school district's Rule 12(c) motion for judgment on the pleadings on the basis that despite the SRO decision that had been rendered in their favor, as that decision had been denied judicial enforcement in *O'Shea I* as moot, the O'Sheas were not prevailing parties in the administrative proceedings which were the subject of *O'Shea I*.

**CONCLUSION**

For the reasons set forth herein, the defendant's motion to dismiss the Complaint should be granted, the Complaint dismissed and the defendant granted such other and further relief as to the Court may seem just and proper.

Dated : January 4, 2008

                                           Respectfully submitted,

                                           **SHAW, PERELSON, MAY & LAMBERT, LLP**
                                           Attorneys for Defendant

                                           By: s/_____
                                           Mark C. Rushfield, Esq. (MCR 0231)
                                           (Of Counsel to the Firm)
                                           40 South Roberts Road
                                           Highland, New York 12528
                                           845/691-8100